**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 11 C 6535 Hon. Marvin E. Aspen |
| v. | ) ) | |
| ANDREW C. CARROLL, JULIA CARROLL, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff's motion for summary judgment in this mortgage

foreclosure action. For the reasons set forth below, we grant the motion. We also grant

Plaintiff's motion for appointment of a Special Commissioner.

**BACKGROUND**[1]

On approximately July 26, 2005, Aegis Lending Corporation lent Defendants Andrew

and Julia Carroll $116,000. Defendants executed a Note in favor of Aegis for the loan,

promising to make monthly payments to repay the debt. Defendants also executed a Mortgage,

---

[1] Unless otherwise noted, the facts described herein are undisputed and culled from
Plaintiff's Local Rule 56.1 statements of fact and exhibits. Defendants did not respond to those
statements of fact in the manner specified by Rule 56.1. L.R. 56.1(b) (requiring a concise
response to each fact asserted by the moving party, with references to the record and any
additional facts). Accordingly, those facts in large part are deemed admitted. Defendants also
declined to offer any additional facts or evidence. In their opposition, however, Defendants
challenge Plaintiff's claim that it owns the relevant note, a dispute we shall address.

granting Aegis a security interest for the Note in real property located in Chicago Heights, Illinois ("Property"). That Mortgage was recorded with the Cook County Recorder of Deeds on August 3, 2005. Defendants agreed that, in the event of their breach, Aegis could require immediate payment of the debt and could foreclose on the Property. (Mortgage ¶ 22 (Dkt. No. 20-3).)

Pursuant to the Mortgage, Aegis designated Mortgage Electronic Registration Systems Inc. ("MERS") as its nominee and granted MERS numerous rights, including the rights to foreclose and sell the Property. (Mortgage at 1, 3.) On September 9, 2011, MERS executed an Assignment of the Mortgage from MERS to Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Tryst Mortgage Pass-Through Certificates, Series 2005-4. (Assignment (Dkt. No. 20-4).)

Defendants do not dispute these facts, nor do they effectively contest their default on the loan. In response to several statements of fact asserted by Plaintiff concerning the default, Defendants claim they "are without knowledge sufficient to form a belief as to the truth" of those allegations. (Defs.' Resp. to Pl.'s SOF ¶¶ 13, 15.) The Seventh Circuit has held, however, that "[a]n answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission." *McGuire v. United Parcel Serv.*, 152 F.3d 673, 675 (7th Cir. 1998); *Shelton v. Wright*, No. 09 C 6413, 2013 WL 212910, at *1 (N.D. Ill. Jan. 18, 2013); *Manning v. Univ. of Chi.*, 401 F. Supp. 2d 585, 865–66 (N.D. Ill. 2005). Defendants' efforts to deny these allegations concerning their default—including the allegation that they failed to pay their monthly installment beginning in June 2011—are unavailing. As a result, Defendants admit that they have failed to pay on the Note, including principal, interest,

tax and insurance, from June 2011 to the present. (Pl.'s SOF ¶¶ 13, 15, 17–18.)

Nonetheless, Defendants have sufficiently denied Plaintiff's assertion that it is the legal holder and owner of the Note. (Defs.' Resp. to Pl.'s SOF ¶ 3.) Plaintiff states that it has been the holder of the Note, at all relevant times. (*Id.* ¶¶ 3, 14.) Defendants objected to this statement on the grounds that the copy of the Note submitted by Plaintiff was not indorsed by Aegis. (Resp. at 1–3 (Dkt. No. 26).) We address this dispute below.

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; Fed. R. Civ. P. 56©. In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all reasonable inferences in that party's favor. *See Anderson*, 477 U.S. at 255.

## ANALYSIS

"To recover on a promissory note under Illinois law, a plaintiff must show that (1) a defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the

defendant has no viable defense." *Land O'Lakes Purina Feed, LLC v. WelkCo, LLC*, No. 10 C

981, 2011 WL 1465621, at *2 (S.D. Ill. Apr. 18, 2011). Defendants concede their execution of

the Note and do not assert any defenses.[2] Defendants contest Plaintiff's right to enforce the

Note. As the Seventh Circuit has held, "under Illinois law only the holder of a note may

foreclose upon property; transferring a mortgage is not enough by itself." *Cogswell v.

CitiFinancial Mortgage Co.*, 624 F.3d 395, 397 (7th Cir. 2010). The question before us, then, is

whether there is any genuine dispute that Plaintiff holds the Note.

With the complaint and the summary judgment motion, Plaintiff filed copies of the

Mortgage and Note. The copy of the Note submitted, however, was not indorsed by Aegis and

thus bore no outward mark that Aegis had transferred its interest in the Note to Plaintiff. Citing

to the Illinois Uniform Commercial Code, Plaintiff contends that its possession of the unindorsed

Note is adequate evidence that it is a nonholder in possession with the rights of a holder. *See*

810 ILCS 5/3-301 (defining "person entitled to enforce instrument" to include the holder as well

as "a nonholder in possession of the instrument who has the rights of a holder"). Plaintiff argues

that, pursuant to Section 3-203 of the Illinois UCC, Aegis' transfer of the Note to Plaintiff vested

it with the right to enforce the Note even without an indorsement. (Mem. at 5–6 (citing 810

ILCS 5/3-203(a)-©.) Plaintiff claims that its possession of the Note serves as prima facie

evidence that it owns the Note. (Mem. at 6 (citing *Land O'Lakes Purina Feed, LLC*, 2011 WL

1465621, at *3); *see also* 810 ILCS 5/3-308.

---

[2] Although Defendants plead several affirmative defenses in their answer, they have not
pursued them all. Plaintiff addressed each of the affirmative defenses in its motion for summary
judgment, but Defendants now contest only Plaintiff's status as holder of the Note. (Mem. at
6–10; Resp. at 1–3.)

We disagree.  Although a copy of the unindorsed Note may suffice for purposes of

establishing standing at the motion to dismiss stage, we are not convinced that this evidence

undisputedly establishes ownership for purposes of summary judgment where Defendants have

challenged that assertion.  *See, e.g.*, *HSBC Bank USA, N.A. v. Hardman*, No. 12 C 481, 2013 WL

515432, at \*4 (N.D. Ill. Feb. 12, 2013) (concluding that "at least at the motion to dismiss stage,"

plaintiff's possession of an unindorsed note established its standing to sue).  Under our reading

of Section 3-203, the bearer of a unindorsed note transferred for value is entitled "to the

unqualified indorsement of the transferor" but does not obtain the "rights of a holder"—as

required by Section 3-301 to permit enforcement—without either an indorsement or other proof

of the transaction that transferred the holder's rights.  810 ILCS 5/3-203(b)–©.  In other words,

and as thoughtfully explained in the comments to Section 3-203, the transferee (here, Plaintiff)

"must account for possession of the unindorsed instrument by proving the transaction through

which the transferee acquired it.  Proof of a transfer to the transferee by a holder is proof that the

transferee has acquired the rights of a holder."  810 ILCS 5/3-203 cmt. 2; *see id.*, cmt. 4 at Case

#3 (explaining that the purchaser of an unindorsed note is entitled to enforce the note and

succeeds as a holder in due course but must first "prove the transaction with [the transferor]

under which the rights . . . were acquired"); *see also Deutsche Bank v. Tucker*, No. 11 C 8062,

2012 WL 2872456, at \*2–3 (N.D. Ill. July 12, 2012).  Plaintiff insists that its mere possession of

the unindorsed Note shows that it acquired the rights of the holder (Aegis) but offers no evidence

of that underlying transaction.

　　　　With its reply brief, however, Plaintiff provided a copy of the Note with a blank

indorsement from Aegis.  (Dkt. No. 30-1 (showing a specific indorsement from Aegis to Aegis

Mortgage Corporation and then a blank indorsement by Aegis Mortgage Corporation).)  Usually,

arguments raised for the first time in a reply brief are waived.  *James v. Sheahan*, 137 F.3d 1003,

1008 (7th Cir. 1998).  Here, it was improper for Plaintiff to submit a copy of the indorsed Note

with its reply, because the late introduction of the document deprived Defendants of an

opportunity to challenge it.  Given the importance of this issue, we granted Defendants leave to

file a surreply addressing the copy of the indorsed Note, no later than June 14, 2013.[3]  (6/7/13

Min. Order (Dkt. No. 32).)  To date, Defendants have not filed any surreply or objection to

Plaintiff's copy of the indorsed Note.[4]

A note indorsed in blank "becomes payable to bearer and may be negotiated by transfer

of possession alone until specially indorsed."  810 ILCS 5/3-205(b); *Bank of N.Y. Mellon v.*

*Fleming*, No. 11 C 3573, 2013 WL 241153, at *2 (N.D. Ill. Jan. 18, 2013); *Ocwen Loan*

*Servicing LLC v. Kroening*, No.10 C 4692, 2011 WL 5130357, at *4 (N.D. Ill. Oct. 28, 2011)

("[T]he Note itself is a negotiable instrument, endorsed in blank, and thus subject to assignment

by transfer and possession.").  By producing a copy of the Note with a blank endorsement,

Plaintiff has established that it obtained the rights of the original holder, Aegis, and has the

authority to enforce the Note pursuant to Section 3-301.

Plaintiff has proven that it owns the Mortgage and the Note concerning the Property.

---

[3] We also invited Defendants to update us on the status of their efforts to obtain a loan modification.

[4] Defendants' unsupported claim that Plaintiff must produce the original Mortgage and Note to evidence its possession is meritless. (Resp. at 3).  The Illinois Mortgage Foreclosure Law requires plaintiffs to attach "a copy of the mortgage" and "a copy of the note secured thereby" with the complaint, but it does not require plaintiffs to produce the original documents at any time.  735 ILCS 5/15-1504(a)(2); *First Fed'l Savings & Loan Assoc. of Chi. v. Chi. Title & Trust Co.*, 155 Ill. App. 664, 665, 508 N.E.2d 287, 288–89 (1st Dist. 1987).

Defendants do not dispute their execution of the Mortgage and the Note and do not contest their default by failing to pay required sums beginning in June 2011. Defendants have not pursued any viable defenses to this action. In sum, we find no genuine dispute as to any material fact that would warrant a trial in this matter. We therefore grant Plaintiff's summary judgment motion.

## CONCLUSION

For the reasons set forth above, we grant Plaintiff's motion for summary judgment. We also grant Plaintiff's Motion to Appoint a Special Commissioner pursuant to Section 1507 of the Illinois Mortgage Foreclosure Law (Dkt. No. 22). It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 12, 2013